UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTINE MARIE GATES, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:20-cv-00487-NT |
| MYKAYLA AMUNDSEN, | ) ) ) | |
| Defendant | ) | |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

In this action seeking damages for alleged assault and defamation, the plaintiff asks for permission to proceed without paying fees or costs. *See generally* [Plaintiff's] Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 4); [Plaintiff's] Complaint for a Civil Case ("Complaint") (ECF No. 1). I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In her motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that she is currently unemployed, has not had any income since February 2020, is unable to pay her rent and debts, and has no money or other valuable assets. *See* IFP Appl. 1-2. These financial circumstances entitle her to proceed *in forma pauperis*.


## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

So read, the plaintiff's complaint alleges that the defendant "harassed and manhandled" her while she was working at Little Red Schoolhouse Too in February 2020. Complaint at 3. During this incident the defendant "pinned down" the plaintiff and pulled a child from her arms, and the plaintiff scratched the defendant in self-defense. *Id.* The defendant thereafter received a protective order against the plaintiff "under fallacious terms[,]" falsely accused the plaintiff of child abuse, and falsely claimed that the plaintiff attacked her because of her sexual orientation. *Id.* The defendant's falsehoods negatively affected the plaintiff's "criminal record, reputation, hireability, finances, and overall health[.]" *Id.* The plaintiff now seeks $482,000 in damages for, among other things, lost wages and pain and suffering. *See id.*

## C. Discussion

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."  *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).  For this matter to proceed in this court, the plaintiff's claim must either present a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

On her form complaint, the plaintiff has left the section entitled "Basis for Jurisdiction" blank and does not otherwise indicate whether she is asserting federal question jurisdiction and/or diversity jurisdiction.  *See* Complaint at 3-4.  Nevertheless, bearing in mind that a *pro se* plaintiff's complaint must be read liberally, *Donovan*, 276 F.3d at 94, I will analyze whether the basis for this court's jurisdiction is apparent from the rest of the plaintiff's complaint.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The plaintiff's complaint does not assert any claims based on the United States Constitution, a federal statute, or a federal treaty; rather, it asserts only what appear to be state tort claims.  *See* Complaint at 4.  Accordingly, this court lacks federal question jurisdiction over the plaintiff's claims.

Federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C.

§ 1332(a)(1). Diversity jurisdiction requires that the plaintiff and the defendant be citizens of different states on the date the complaint was filed. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Here, the plaintiff does not allege that she and the defendant are domiciled in different states; in fact, she lists Maine addresses for both herself and the defendant. *See* Complaint at 1-4. The plaintiff, therefore, has not alleged claims within this court's diversity jurisdiction.

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim within this court's subject matter jurisdiction.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of January, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge