# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTINE MARIE GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:20-cv-00487-NT |
| | ) | |
| MYKAYLA AMUNDSEN., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND DISMISSING THE PLAINTIFF'S AMENDED COMPLAINT

On December 30, 2020, Plaintiff Christine Gates filed a *pro se* Complaint with this Court alleging various state law causes of action, including battery, harassment, and defamation. Compl. (ECF No. 1). Because the Plaintiff sought to proceed *in forma pauperis*, on January 7, 2021, the Magistrate Judge conducted a screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Order Granting Leave to Proceed *In Forma Pauperis* & Recommended Dismissal of the Case ("**R. & R.**") 2 (ECF No. 6). The Magistrate Judge observed that the Complaint provided no explanation of federal court jurisdiction,[1] and he was unable to discern any basis for jurisdiction, since the Plaintiff had identified no federal claims and since she and the Defendant are both citizens of Maine. R. & R. 4–5. The Magistrate Judge thus recommended that the Complaint be dismissed for failure to state a claim within this Court's subject-matter jurisdiction. R.& R. 5.

---

[1] The Plaintiff left the "Basis for Jurisdiction" section on her Complaint form blank. Compl. 3–4 (ECF No. 1).

On January 11, 2021, the Plaintiff filed her objections to the Magistrate's recommended dismissal. Objs. to R. & R. ("**Obj.**") (ECF No. 8). In her objections, the Plaintiff effectively concedes that she failed to identify an adequate basis for jurisdiction in her Complaint. Obj. 1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

In her Objections, the Plaintiff goes on to contend that she is asserting federal question jurisdiction because she has "relevant federal laws that are applicable to [her] case." Obj. 1. She also attaches to her objections a new partial complaint identifying her asserted basis for federal jurisdiction. Compl. with Revised Basis of Jurisdiction ("**Partial Compl.**") 2 (ECF No. 8-4). Subsequent to submitting her objections, Ms. Gates also submitted a document entitled "Introduction of Evidence" in which she purports to "begin[] the introduction of evidence in order that her complaint not fail." Introduction of Evid. 1 (ECF No. 9). Given the Plaintiff's submission of additional allegations in support of her initial Complaint, I construe her collective filings as an amended complaint filed pursuant to Federal Rule of Civil Procedure 15(a)(1).

The "federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal jurisdiction extends only to "cases that 'arise under' federal law" and cases where "there is diversity of citizenship among the parties." *Id.* (quoting 28 U.S.C. § 1331). Because the Plaintiff disclaims the latter basis for jurisdiction, only the former is relevant here. *See* Obj. 1.

In the documents that I collectively construe as the Amended Complaint, the Plaintiff identifies three criminal statutes as asserted bases for jurisdiction.[2] Partial Compl. 2. The Plaintiff alleges that these statutes are germane because either the Defendant has violated these statutes or because the Defendant has accused *her* of violating these statutes. Supporting Mem. (ECF No. 8-1); Partial Compl. 2. The former cannot provide a basis for jurisdiction because a private citizen generally "has no authority to initiate a federal criminal prosecution," *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989), and there is no indication of a private right of action under the Plaintiff's identified statutes. The latter cannot provide a basis for jurisdiction because an accusation that Ms. Gates committed a federal crime, while perhaps actionable as a state claim for defamation, does not provide a basis for any federal cause of action.

The Plaintiff also makes casual reference to a number of federal antidiscrimination laws, but none has any relation to the claims that she has brought in this case. She appears to assert that she was the subject of a hostile work environment and alleges that hostile work environments are prohibited by Title VII, the Americans with Disabilities Act ("**ADA**"), the Genetic Information Nondiscrimination Act of 2008 ("**GINA**"), and the Age Discrimination in Employment Act of 1986 ("**ADEA**"). Supporting Mem. 2. However, the Plaintiff fails to identify

---

[2]     One statute is the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009 (18 U.S.C. § 249), one is a conspiracy statute (18 U.S.C. § 241), and the third is labeled as "Violent Interference with Federally Protected Rights" and, although the citation is partially cut off, it is taken from Title 18 of the United States Code, which is of course the federal criminal code. Compl. with Revised Basis of Jurisdiction ("**Partial Compl.**") 2 (ECF No. 8-4).

facts alleging any sort of discrimination or harassment on the basis of her race, color religion, sex,[3] or national origin (Title VII); a disability (the ADA); genetic information (GINA); or her age (ADEA).

The Plaintiff's Amended Complaint is thus **DISMISSED** for lack of subject-matter jurisdiction and, to the extent that she invokes federal law, failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the Recommended Decision of the Magistrate Judge (ECF No. 6) and **DISMISSES** the Plaintiff's Complaint (ECF No. 1) and her Amended Complaint (ECF No. 8).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 14th day of January, 2021.

---

[3] Ms. Gates does claim that Ms. Amundsen approached her in front of a child's parent and asked, "Did you butt dial me?" and asserts that "[m]any would consider that inappropriate and under the law, that would justify a case of sexual harassment." Supporting Mem. 2 (ECF No. 8-1). Such an "offhand comment," without more, cannot support a Title VII violation. *See Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 225–26 (1st Cir. 2012) ("Title VII does not prohibit . . . simple teasing, offhand comments, and isolated incidents (unless extremely serious)." (alteration in original) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998))).